ELLIS, Judge:
This is a suit on a promissory note. Plaintiff, First Guaranty Bank of Hammond, alleges itself to be holder of a note for $100,000.00, payable on demand, with interest at the rate of 8.5% interest from date until paid, and 25% attorney’s fees. Defendants Paul H. Bowdle, Jr. and Dr. C.D. Alford are alleged to be the makers of the note, and to be in default in its payment. Judgment is prayed for against both defendants, in solido, for the full amount of the note.
To the petition, Dr. Alford filed a dilatory exception of prematurity, alleging that plaintiff had contracted with him not to institute suit against him on the note without first obtaining judgment and exhausting all enforcement remedies against Bow-dle. An evidentiary hearing was held, after which judgment was signed granting the exception and dismissing the suit as to Dr. *647 Alford. After a new trial was denied, plaintiff appealed.
At the trial, Dr. Alford testified, without contradiction, that he co-signed the note. He further testified:
“I meant I was just signing Mr. Bowdle’s note. I wasn’t borrowing the money, he was. And I signed it that if he didn’t pay it, they could come after me, but it was his note and I wanted them to collect from him first.”
He further testified that, some time after he signed the note, he talked to the president of the bank about it, and told him “... I wanted him to promise me that he was to get this from Bowdle and to at least take everything that Bowdle had on this note before he came after me and he guaranteed me that those were strictly his intentions and that was the way he was going to do.”
There is also in the record a letter from the Vice-president and manager of the bank stating: “The position that we have taken is that full recourse would be taken against Paul Bowdle without any legal action being taken against you until this was done.”
The record further reflects that Bowdle had left Louisiana and was living in Florida. A suit filed against him in Jefferson Parish was dismissed for lack of jurisdiction over the person. An attempt to serve Bow-dle under the long-arm statute was made in this suit, but the certified letter directed to him was returned marked “Moved, Left No Address”. Dr. Alford testified that he advised the bank when Bowdle could have been served in Louisiana at a bankruptcy hearing, but that no effort was made to serve him at that time.
Since no testimony was offered on behalf of the bank to contradict that of Dr. Alford, we agree with the trial judge that an agreement existed between the bank and Dr. Alford that there would be no attempt to get a judgment against Dr. Alford until all remedies against Bowdle had been exhausted.
Plaintiff claims that Dr. Alford’s parol testimony should not have been admitted to vary the terms of the note. We think the testimony was entirely admissible, but plaintiff cannot now complain, since the testimony came in without objection. We find that the agreement not to proceed against Dr. Alford until all remedies against Bowdle are exhausted is valid and binding, and modifies the engagements made by Dr. Alford when he executed the note.
Plaintiff further claims that the trial court erred in finding that it had not sufficiently pursued its remedies against Mr. Bowdle. The record shows that one suit was filed, and dismissed, in Jefferson Parish before the instant suit was filed. The only effort made to serve Bowdle in this suit was the mailing of the certified letter, although plaintiff was informed by Dr. Alford of Bowdle’s presence in New Orleans. We do not believe that these activities are sufficient to constitute a good faith effort on the part of plaintiff to fulfill its engagement to exhaust its remedies as to Bowdle.
For those reasons, the judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.